UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CARLOS HENRY DAVIS,

    Petitioner,

v.                                        Case No. 2:07-cv-106
                                           HON. ROBERT HOLMES BELL

JERI-ANN SHERRY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Carlos Henry Davis filed this petition for writ of habeas corpus, challenging the validity of his conviction for assault with intent to do great bodily harm less than murder. Petitioner was convicted by a jury and was sentenced to 12½ to 60 years imprisonment. Petitioner maintains that his convictions were obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues:

I. Trial court's improper comments amounted to judicial misconduct that denied defendant a fair trial.

II. Trial court improperly favored the prosecutor throughout the trial and showed bias by allowing the prosecutor to ask leading questions to Leroy McKay.

III. Trial court abused its discretion by failing to give the requested impeachment instruction and CJI2d 7.23 self defense instructions.

IV. Trial court abused its discretion when it permitted defendant's 1990 larceny conviction to be used to impeach defendant, because the probative value was outweighed by its prejudicial effect.

V. Trial court erred when it denied defendant's motion for a directed verdict because his convictions were insufficiently supported by the evidence.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state

court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner claims that the trial court made improper comments and favored the prosecution during trial. The Michigan Court of Appeals noted that petitioner never preserved his claims of error and, further, that the trial court judge did not violate petitioner's rights. The court explained in reviewing the issue for plain error:

> A defendant in a criminal trial is entitled to a neutral and detached magistrate. *Cain v Dep't of Corrections*, 451 Mich 470, 497 n 30; 548 NW2d 210 (1996). Words or actions of a judge that belittle or demean defense counsel can be found to deny defendant a fair trial. *People v Wigfall*, 160 Mich App 764, 775; 408 NW2d 551 (1987). However, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Cain, supra*. Further, partiality is not established by expressions of impatience, dissatisfaction, annoyance or anger which are within the bounds of what imperfect people would sometimes display. *Id*. The test is whether partiality could have influenced the jury to the detriment of the defendant. *People v Cheeks*, 216 Mich App 470, 480; 549 NW2d 584 (1996).
>
> Here, the only specific example of "belittling" set forth by defendant is the trial court's comment that "You're going to pretend I'm a real Judge and move on, aren't you," in response to defense counsel's continued attempt to elicit hearsay. This comment was made after the prosecution had made a hearsay objection to defendant's testimony of what Maurice McKay (Maurice) said to him on a previous occasion. The court sustained the prosecution's objection, defense counsel attempted to get the same information again, and then the trial court made the aforementioned comment. Taken in its full context, the comment was made to limit testimony to that which was properly admissible, and does not rise to the level of those made in *Wigfall*; thus, reversal is not warranted.
>
> Defendant also argues that the trial court improperly favored the prosecution throughout the trial and specifically alleges that it showed bias by allowing the prosecution to ask leading questions to Leroy McKay (Leroy). However, defendant never objected to the alleged leading questions at trial, therefore, it was not biased partiality on the part of the trial court to allow the alleged leading questions to be asked. Furthermore, the record clearly establishes that the trial court was impartial throughout the trial. The trial court sustained proper objections made by the prosecutor, and likewise, sustained proper

> objections made by defense counsel. Moreover, the jury was instructed that if it believed the trial judge had an opinion regarding defendant's guilty or innocence, it should disregard that opinion. "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors," thus, any prejudice that may have resulted from the trial judge's acts or comments would be alleviated. *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003).

When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

Even though the Court of Appeals applied a limited review of the claimed error to determine whether it affected the outcome of the trial, petitioner's failure to object is still considered a procedural default. *See Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989); *accord Federico v. Yukins*, No. 93-2424, 1994 WL 601408, at *3-*4 (6th Cir. Nov. 2, 1994), *cert. denied*, 514 U.S. 1038 (1995). In the opinion of the undersigned, petitioner cannot show prejudice for his procedural default. Petitioner cannot establish that the trial court violated petitioner's rights during the trial.

Petitioner asserts that the trial court erred by failing to give impeachment of witness instructions and self defense instructions to the jury. The Michigan Court of Appeals rejected these claims explaining:

> Next, defendant argues that the trial court abused its discretion by failing to give the requested impeachment and CJI2d 7.23 self-defense instructions. After de novo review of the instructions in their entirety, we disagree. See *People v Dumas*, 454 Mich 390, 396; 563 NW2d 31 (1997); *People v Hall*, 249 Mich App 262, 269; 643 NW2d 253 (2002).
>
> A trial court must instruct the jury regarding the applicable law. A criminal defendant has a right to a properly instructed jury, and a requested instruction which is supported by the evidence must be given. MCL 768.29; *People v Rodriguez*, 463 Mich 466, 474; 620 NW2d 13 (2000). Error requiring reversal based on the failure to give requested instructions only occurs if the requested instructions were substantially correct, were not substantially covered in the charge given to the jury, and concerned an important point in the trial so that failure to give them seriously impaired the defendant's ability to present a defense. *People v Moldenhauer*, 210 Mich App 158, 159-160; 553 NW2d 9 (1995).
>
> Here, the trial court properly refused to give the requested impeachment instruction. Defense counsel asked for the impeachment instruction because he thought that Leroy's trial testimony was inconsistent with his preliminary examination testimony. Defense counsel specifically alleged that Leroy inconsistently testified at trial that he had hit defendant after he was shot. Defense counsel's allegation is incorrect. In Leroy's direct examination trial testimony, he stated that he did not see a gun come

out of defendant's pocket but thought that defendant was reaching for a gun so he hit defendant in the face and was subsequently shot by defendant. At the preliminary examination, Leroy testified that he did not know what defendant was reaching for but thought that defendant was reaching for a gun, and thus, hit defendant in the face and then was subsequently shot by defendant. Therefore, the trial court's determination that Leroy's testimony did not support an impeachment instruction was correct. See *Rodriguez, supra*.

The trial court also properly refused to give the requested CJI2d 7.23 self-defense instruction. CJI2d 7.23(1) states that "[t]here has been evidence that the [complainant/decedent] may have committed violent acts in the past and that the defendant knew about these acts. You may consider this evidence when you decide whether the defendant honestly and reasonably feared for [his/her] safety. CJI2d 7.23(1). The evidence provided that Maurice had committed the previous violent act of shooting at defendant's house in 2000, which defendant knew about. However, Maurice was not a "complainant/decedent" in this case. In fact, Maurice had made peace with defendant earlier in the night and was not involved in the altercation that led to defendant's charges. The altercation that led to defendant's charges involved Eric McKay (Eric), Leroy and innocent bystanders. Defendant testified that he had no previous problems or incidents with Leroy or Eric, and that the 2000 shooting incident he testified to only involved Maurice. Therefore, the evidence did not support the requested CJI2d 7.23 self-defense instruction and, thus, the trial judge properly refused to give the requested instruction. See *Rodriguez, supra*.

In order to show a constitutional violation, petitioner must demonstrate that the instructions violated due process. *Henderson v. Kibbe*, 431 U.S. 145, 153 (1977).

> The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The question in such a collateral proceeding is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," . . . not merely whether "the instruction is undesirable, erroneous, or even 'universally condemned,'" . . . .

431 U.S. at 154. "Where the trial court instructs the jury in accordance with state law and sufficiently addressed matters of law at issue, no error results and the petitioner is not entitled to

habeas relief." *White v. Mitchell*, 431 F3d 517, 534 (6th Cir. 2006). The evidence presented at trial, taken in the light most favorable to the prosecution, was sufficient to justify the instructions given by the court.

Petitioner alleges that the use of his prior larceny conviction was improper impeachment because it was more prejudicial than probative. The Michigan Court of Appeals denied this claim explaining:

> The credibility of a witness may be impeached with evidence of a prior conviction if the crime contained an element of dishonesty, false statement, or theft, was punishable by more thane one year in prison, and has significant probative value on the issue of credibility. *People v Cross*, 202 Mich App 138, 146; 508 NW2d 144 (1993), quoting MRE 609. If the witness is the defendant in a criminal trial, evidence of a prior conviction may not be used to impeach unless the court also determines that the probative value of the evidence outweighs its prejudicial effect. *Cross, supra*. To determine the prejudicial effect, "the court shall consider only the conviction's similarity to the charged offense and the possible effects on the decisional process if admitting the evidence causes the defendant to elect not to testify." *People v Meshell*, 265 Mich App 616, 635; 696 NW2d 754 (2005), quoting MRE 609(b).
>
> We cannot conclude that the trial court abused its discretion when it held that the probative value of the larceny conviction outweighed its prejudicial effect. Although the larceny conviction was only minimally probative of veracity, *Meshell, supra* at 636, the conviction was not similar to the charged offenses and had little possible effect on the decisional process with respect to defendant testifying, thus, the use of the conviction had little prejudicial effect. See *id*. at 635-636. We note that the trial court did not go into great detail in the record regarding this evidentiary decision, but it is clear that the court was aware of the pertinent factors and of its discretion regarding the admissibility of the evidence. See *McDaniel, supra* at 168. Further, even if the admission was in error, the error was harmless in light of the overwhelming evidence of guilt in the case. See *People v Bartless*, 197 Mich App 15, 19; 494 NW2d 776 (1992).

Petitioner contends that the trial court abused its discretion when it admitted evidence where the probative value was outweighed by the prejudicial effect contrary to Michigan state law. However,

"such an inquiry . . . is no part of a federal court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). In *Estelle v. McGuire*, the Supreme Court addressed the issue of whether the admission of evidence in violation of California state law entitled a petitioner to habeas corpus relief.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 177, 46 L. Ed. 2d 162 (1975) (per curiam).

*Estelle v. McGuire*, 502 U.S. at 67-8.

The appropriate inquiry is whether the allegedly improper admission of evidence violated the petitioner's constitutional rights. *Estelle v. McGuire*, 502 U.S. at 68. A federal court will grant habeas corpus relief only where a violation of the state's evidentiary rule results in the denial of fundamental fairness, and therefore, a violation of due process. *Brown, III v. O'Dea*, 187 F.3d 572, 578 (6th Cir. 1999) (citing *Cooper v. Sowders*, 837 F.2d 284, 287 (6th Cir. 1988)).

> "The standard in determining whether the admission of prejudicial evidence constitutes a denial of fundamental fairness is whether the evidence is 'material in the sense of a crucial, critical highly significant factor.'" *Leverett v. Spears*, 877 F.2d 921, 925 (11th Cir. 1989) (quoting *Redman v. Dugger*, 866 F.2d 387, 390 (11th Cir. 1989)).

*Brown, III v. O'Dea*, 187 F.3d at 578. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was

based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that there was insufficient evidence to support his conviction. Petitioner claims that the evidence showed that he acted in self defense, and could not support his conviction beyond a reasonable doubt. A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.* The Michigan Court of Appeals explained why the evidence presented was sufficient to convict petitioner:

> The elements of assault with intent to do great bodily harm less than murder are: (1) an assault through an attempt or offer with force and violence to do corporal hurt to another with (2) a specific intent to do great bodily harm less than murder. *People v Lugo*, 214 Mich App 699, 710; 542 NW2d 921 (1995). Here, Leroy, Eric and Hermell Whouie (Whouie) all testified that defendant shot at Leroy and subsequently fired more shots into a crowded bar while "struggling" with Eric. Furthermore, Daniel Ervin Butler (Butler) testified that defendant fit the description of the individual he saw pull out a gun and fire shots into the crowded bar while struggling with another individual. And, Sergeant Daniel Reed (Reed), an expert in firearms identification, testified that the bullets submitted to him from the crime scene were fired from the gun submitted to him, which was found on defendant's person when he was arrested. There was sufficient evidence to support the convictions. But, defendant claims that the record establishes that he acted in self-defense.
>
> Generally, a justified killing in self-defense requires that the defendant honestly and reasonably believe he is in imminent danger of death or great bodily harm and that deadly force is necessary to prevent his death or great bodily harm. *People v Riddle*, 467 Mich 116, 119; 649 NW2d 30 (2002). "Once evidence of self-defense is introduced, the prosecutor bears the burden of disproving it beyond a reasonable doubt." *People v Truong*, 218 Mich App 325, 337; 553 NW2d 692 (1996). Here, the self-defense claim was disproved

- 10 -

> beyond a reasonable doubt. The evidence included that defendant, a
> former employee, knew that all patrons in "Francel's II" were patted
> down for weapons before entry, that defendant was not threatened
> with deadly violence before he shot at Leroy and subsequently shot
> randomly into the crowded bar, and that defendant reached for his
> gun before Leroy punched him. In sum, defendant could not honestly
> and reasonably believe he was in imminent danger of death or great
> bodily harm and that deadly force was necessary to prevent his death
> or great bodily harm. Therefore, the trial court properly denied
> defendant's motion for a directed verdict.

It is clear that the evidence was sufficient to establish that petitioner committed the crime. The Michigan Court of Appeals' decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court

in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: November 24, 2009