UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CARLOS HENRY DAVIS,

        Petitioner,

                                                                              Case No. 2:07-CV-106

v.

                                                                              HON. ROBERT HOLMES BELL

JERI-ANN SHERRY,

        Respondent.
                                         /

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION AND
## DENYING PETITION FOR WRIT OF HABEAS CORPUS

On November 19, 2009, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Petitioner Carlos Henry Davis's § 2254 petition for writ of habeas corpus be denied. (Dkt. No. 20.) This matter is before the Court on Petitioner's objections to the R&R. (Dkt. No. 23.)

This Court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Although the Magistrate Judge's R&R is reviewed de novo, this Court must review the state

court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner objects to the R&R's recommendation on all five issues raised in his petition. As to Issues I and II, Petitioner objects to the Magistrate Judge's conclusion that he cannot show prejudice for his procedural default. Petitioner's objection lacks merit. The R&R correctly determined not only that the record does not support a finding of prejudice, but also that the record does not support a finding that the trial court violated Petitioner's constitutional rights during the trial.

As to Issue III, Petitioner contends that the Magistrate Judge bypassed consideration of Petitioner's claim that the trial court abused its discretion by failing to give two requested instructions. When the Magistrate Judge's analysis of Issue III is read in its entirety, it is clear that the Magistrate Judge's conclusion that the evidence was sufficient to justify the instructions given included a determination that there was not sufficient evidence to support the two requested instructions. The Court agrees with this determination.

Although Petitioner objects to the Magistrate Judge's conclusion as to Issue IV, Petitioner has not shown how the trial court's alleged violation of the state's evidentiary rules gives rise to federal habeas corpus relief. The Court agrees with the R&R that because Petitioner has not shown that the admission of his larceny conviction as impeachment evidence violated his constitutional rights, he has failed to present a cognizable ground for federal habeas relief. *See Coburn v. Howes*, 100 F. App'x 328, 329 (6th Cir. 2004) ("Federal habeas corpus relief is only warranted where a violation of a state's evidentiary rule results

in the denial of fundamental fairness and, therefore, a violation of due process.").

As to Issue V, Petitioner objects to the Magistrate Judge's conclusion that the evidence was sufficient to support his conviction. In support of this objection Petitioner contends that the evidence supported a self-defense finding. Even if, as Petitioner asserts, the evidence supports a self-defense finding, "the due process 'sufficient evidence' guarantee does not implicate affirmative defenses, because proof supportive of an affirmative defense cannot detract from proof beyond a reasonable doubt that the accused had committed the requisite elements of the crime." *Caldwell v. Russell* 181 F.3d 731, 740 (6th Cir. 1999); *see also Booth v. Carlton*, No. 95-6448, 1997 WL 135495, at *2 (6th Cir. Mar. 24, 1997) (unpublished) (holding that the petitioner's challenge to the sufficiency of the evidence on the basis that he acted in self-defense was without merit because "the due process guarantee of sufficiency of the evidence extends only to facts needed to establish the elements of the crime and not to the state's burden to prove the absence of an affirmative defense").

Accordingly, upon de novo review,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 23) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the November 24, 2009, Report and Recommendation of the Magistrate Judge (Dkt. No. 20) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus

(Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:   August 16, 2010             /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE